IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Je'CARYOUS F. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-1872 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING MOTION TO DISMISS SUBSTITUTE TRUSTEE**

Je'Caryous F. Johnson sued his mortgage holder, Deutsche Bank National Trust Co., and the substitute trustee, Rex L. Kesler, in state court, seeking to enjoin a foreclosure sale of his property. The parties removed based on diversity of citizenship. Kesler moves to dismiss on the ground that the state-court petition names him as a defendant only in his capacity as substitute trustee and does not allege any facts or assert any claims against him other than in that capacity. The petition does not allege any facts that suggest that a claim is being asserted directly against the substitute trustee based on his misconduct. (Docket Entry No. 5). Johnson has not responded to the motion.

Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure. Section 51.007 provides in part as follows:

> Trustee Under Deed of Trust, Contract Lien or Security Instrument
>
> (a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.
>
> . . .

> (c)  If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.
>
> (d)  If a respondent files a timely verified response to the trustee's verified denial, the matter shall be set for hearing. The court shall dismiss the trustee from the suit or proceeding without prejudice if the court determines that the trustee is not a necessary party.
>
> (e)  A dismissal of the trustee pursuant to Subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale.

Tex. Prop. Code § 51.007. The substitute trustee is not a necessary party for the plaintiff to obtain the relief he seeks. *See Marsh,* 760 F.Supp.2d at 709; *see also Gregory v. S. Tex. Lumber Co.,* 216 S.W. 420, 421 (Tex.Civ.App.– San Antonio 1919, writ dism'd w.o.j.) (substitute trustee is a nominal party in foreclosure).

The motion to dismiss Kesler is granted, without prejudice.

SIGNED on August 13, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge